UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**GOSSAMER WING, LLC, AS TRUSTEE**,

        Plaintiff,

v.

**THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2**,

        Defendant.
_____/

CASE NO. 9:21-cv-80319

(formerly Palm Beach County Case No. 2020-CA-011308)

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, The Bank Of New York Mellon fka The Bank Of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2 ("**Defendant**"), hereby removes the action currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2020-CA-011308 (the "**State Court Action**"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

**I.  BACKGROUND**

1.  This case involves one of many dozens of nearly identical recent lawsuits, filed primarily by Plaintiff's counsel Lee Segal, in which the plaintiffs attempt to obtain default final judgments against foreclosure plaintiffs through defective service. Of course, notice and an opportunity to participate in a lawsuit are the most fundamental aspect of our civil justice system, and Plaintiff's counsel has designed this scheme, discussed in Defendant's pending motion to quash service and vacate the default judgment, to prevent the defendants from receiving notice and

an opportunity to participate in these cases. As of the date of this filing, undersigned counsel alone is aware of at least ninety (90) of these exact same lawsuits filed in late-2020 against Deutsche Bank National Trust Company and The Bank of New York Mellon, and in none of those cases is Plaintiff's counsel willing to litigate their claims on the merits.[1] All defendants want to do is to have their day in court and allow these cases to be decided on their merits, and that is precisely what Plaintiff's counsel wants to avoid, and indeed, plaintiffs actually dismiss these frivolous cases as soon as the defaults are vacated.

2. This particular action is based on a prior mortgage foreclosure action in Pasco County, Case No. 2008-CA-004054, which was brought by Defendant against Plaintiff (the "**Foreclosure Action**") relating to real property located in Pasco County at 4340 Huddlestone Drive, Wesley Chapel, Florida 33545 (the "**Property**"). See Compl. ¶¶ 2-3, 20. The Foreclosure Action resulted in a Final Judgment of Foreclosure pursuant to a Settlement Agreement between the parties, and that stipulated and agreed Judgment is what is being collaterally attacked in this new lawsuit. The Complaint in this new case purports to state a claim under the "Civil Remedies for Criminal Practices Act" (Fla. Stat. § 772.101, et seq.) for allegedly improperly foreclosing against Plaintiff in the Foreclosure Action. The claim is based on the allegation that Defendant was not the owner or holder of the Note and lacked standing to foreclose in the Foreclosure Action. See, e.g., Compl. ¶¶ 8, 10, 23. As noted above and discussed in Defendant's pending Motion to Quash Service and Vacate Default (defined below), the claims in this case were already settled between the parties pursuant to the Settlement Agreement (attached hereto as **Exhibit C**), which

---

[1] Additional cases continue to be discovered on an ongoing basis through defendants' independent research across all sixty-seven counties.

was signed by both Plaintiff's principal, disbarred attorney Mark Stopa, and Plaintiff's attorney, Lee Segal.

3. A true and correct copy of all process and pleadings from the State Court Action available to counsel as of this date, including the Complaint and other court filings, are attached hereto as **Composite Exhibit "A."**

4. The procedural history of this case is as follows:

    a. On October 18, 2020, Plaintiff filed its Complaint;

    b. On November 13, 2020, Plaintiff filed a Motion for Clerk's Default, which was entered against Defendant on November 19, 2020 ("**Clerk's Default**");

    c. On November 13, 2020, Plaintiff filed a Motion for Final Summary Judgment After Default ("**Motion for Summary Judgment**").

    d. On January 6, 2020, a Final Judgment After Default was entered against Defendant in the amount of $999,249.00;

    e. On January 21, 2021, Defendant filed a Motion to Quash Service of Process, Motion to Vacate Clerk's Default and Default Final Judgment, Motion to Transfer Venue, and Motion for Rehearing of Default Final Judgment ("**Motion to Quash Service and Vacate Default**").

    f. On January 29, 2021, Plaintiff filed a Motion to Strike Motion to Vacate and for Sanctions for Fraud on the Court ("**Motion to Strike**").

See Ex. A.

5. Defendant's Motion to Quash Service and Vacate Default, and Plaintiff's Motion to Strike, are the only pending motions in the State Court Action, and are each linked separately as attachments to Defendant's Notice of Removal.

QB\66790131.1

## II. LEGAL STANDARD FOR REMOVAL

6. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

7. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

8. "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." *Luch v. Scottsdale Ins. Co.*, No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)). Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

## III. BASIS FOR REMOVAL — DIVERSITY JURISDICTION

9. This Court has original jurisdiction on the basis of diversity and amount in controversy. See 28 U.S.C. § 1332. The parties are diverse because they are citizens of different states. See 28 U.S.C. § 1332(a)(1).

QB\66790131.1

### A. Diversity Of Citizenship Exists.

10. "[A]t this early stage in the proceedings, the parties are not required to plead jurisdiction affirmatively based on actual knowledge." Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087-88 (9th Cir. 2014). In Carolina Casualty Insurance Company, the court "h[e]ld that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." Id. at 1088.

11. Plaintiff, Gossamer Wing LLC, as Trustee ("**Gossamer Wing**"), is a Florida limited liability company with its principal place of business in Clearwater, Florida. See Ex. B (Florida Div. of Corp. records for Gossamer Wing). The individual members of Gossamer Wing are all citizens and residents of the State of Florida. Upon information and belief, the members of Gossamer Wing are all individuals domiciled in the Pinellas County region who have purchased foreclosure-distressed properties, including the Property at issue, and rent out those properties while they defend the foreclosure actions. Specifically, the manager of Gossamer Wing is Mark Stopa, and the registered agent of Gossamer Wing is Plaintiff's counsel, Lee Segal. See Ex. B. In addition, as noted above, the parties already settled these claims pursuant to a written, signed Settlement Agreement attached hereto as Exhibit C, which was signed by Plaintiff's principal, Mark Stopa, and Plaintiff's attorney, Lee Segal. See Ex. C. Mr. Stopa and Mr. Segal are both citizens and residents of Florida and domiciled in the Pinellas/Tampa region.

12. Defendant is a bank charted under the laws of the State of New York with its principal place of business in New York City, New York. See Defendant's Motion to Quash Service and Vacate Default, at Ex. M (Affidavit of Bank of New York Mellon), ¶¶ 6, 8.

13. Because the parties are citizens of different states, diversity exists.

**B.     Amount in Controversy Exceeds $75,000.**

14. Plaintiff in this matter seeks "treble damages" on Plaintiff's alleged lost "value of the Property and the attorney's fees and costs incurred defending the [Foreclosure Action]." Compl. ¶¶ 41-42.

15. As evidenced by Defendant's Motion for Summary Judgment and the Default Final Judgment entered, the amount in controversy exceeds $999,249.00.   See Ex. A.  Thus, the amount in controversy in the State Court Action clearly exceeds $75,000, and therefore meets the amount in controversy threshold under 28 U.S.C. § 1332.

**C.     Removal Is Timely.**

16. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within thirty days from the date of Defendant's receipt of the initial pleading.

17. The Supreme Court has held that the 30-day removal period does not begin to run until service is effectuated, explaining that the deadline is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999). Thus, "mere receipt of the complaint unattended by any formal service" does not trigger the thirty-day timeframe for removal set forth in 28 U.S.C. § 1446(b). Id. at 348; see also, e.g., Edwards v. Apple Computer, Inc., 645 F. App'x 849, 852 (11th Cir. 2016) (holding removal timely where defendant was never formally served with process and removed case two days after waiving service of process); Rissman, Barrett, Hurt, Donahue & McClain, P.A. v. Westport Ins. Corp., No. 610CV898ORL35GJK, 2010 WL 11626746, at *2 (M.D. Fla. July 29, 2010) ("Thus, contrary to

the contention of Plaintiffs, service of process is a sine qua non for the commencement of the running of the thirty (30) day period, which cannot run by the mere receipt of the complaint unattended by any formal service." (quoting Murphy Bros., Inc., 526 U.S. at 347-48)).

18. In this case, Defendant has never been served with process, and has filed a pending motion to quash service of process and to vacate the default judgment. Therefore, service is timely.

19. In any event, Defendant first received the Complaint within thirty days of the date of this removal, and therefore removal is clearly timely. Defendant first discovered this lawsuit on or about January 13, 2021 through its own independent research, including searches of the Florida court dockets due to the discovery of similar cases filed by Plaintiff's counsel, Lee Segal, that likewise resulted in improper defaults and/or judgments by default due to a lack of service of process and notice to Defendant. Defendant never received any pleadings in this case prior to January 13, 2021, and therefore removal is timely.

   **D.   Venue Is Initially Proper in this District But this Case Should Be Transferred to the Middle District of Florida.**

20. Venue for removal from state court is initially proper in the United States District Court for the Southern District of Florida because this case is being removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which is within the Southern District. However, this case should be transferred promptly to the Middle District of Florida because this case was initially filed in the wrong venue, as it is based entirely on the Foreclosure Action litigated in Pasco County, Florida, and the underlying mortgage at issue secures a Property located in Pasco County. In reality, Plaintiff's counsel files these lawsuits in random counties throughout the entire State to increase their likelihood of obtaining default judgments—to try to prevent the defendants from discovering the lawsuits and to prevent individual judges from becoming too familiar with Plaintiff's counsel's tactics. That is especially

obvious in this case where the judge overseeing the Foreclosure Action—the Honorable Gregory G. Groger—has specifically denied these motions for default judgments in these same fraudulent cases in at least one detailed decision, which led to that exact same lawsuit being immediately re-filed in a separate random county. <u>See</u> Def's Motion to Quash Service and Vacate Default, at Ex. D (Judge Groger's "Order Denying Plaintiff's Motion for Summary Judgment and Order Appointing Attorneys Ad Litem" in identical case filed by Plaintiff's counsel and Plaintiff's principal seeking default judgment based on defective service). Each of these cases, including this one, should be transferred to the district in which the underlying events occurred. Accordingly, this action should be transferred to the Middle District of Florida.

      **E.**     **<u>All Other Conditions of Removal Are Satisfied.</u>**

21.    This action is not a non-removable action as described under 28 U.S.C. § 1445.

22.    In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant is serving Plaintiff with a copy of this Notice of Removal and is filing a Notice of Filing Notice of Removal with the Clerk of the Court for the Fifteenth Judicial Circuit in Palm Beach County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "D."**

23.    By filing this notice of removal, Defendant waives no defense to dismissal of this action or challenge to the sufficiency of service of process.

**III.**    **<u>CONCLUSION</u>**

Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship. Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Fifteenth Judicial

Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, and further transfer this case to the Middle District of Florida.

**WHEREFORE**, Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2020-CA-011308 be removed to this Honorable Court.

**Local Rule 7.1(a)(3) Certification for Pending Motion to Quash Service and Vacate Default**

Although Defendant's pending Motion to Quash Service and Vacate Default was initially filed in the State Court Action, Defendant hereby certifies that Defendant's undersigned counsel's has conferred with all parties who may be affected by the relief sought in Defendant's Motion to Quash Service and Vacate Default, including by both e-mail and telephone with Plaintiff's counsel, Lee Segal, in a good faith effort to resolve the issues raised in Defendant's Motion to Quash Service and Vacate Default, and has been unable to resolve the issues.

QUARLES & BRADY LLP

By: /s/ *Joseph T. Kohn*
    Benjamin B. Brown
    Florida Bar No. 13290
    Joseph T. Kohn
    Florida Bar No. 113869
    1395 Panther Lane, Suite 300
    Naples, FL 34109
    239/659-5026 Telephone
    239/213-5426 Facsimile
    benjamin.brown@quarles.com
    joseph.kohn@quarles.com
    debra.topping@quarles.com
    kerlyne.luc@quarles.com
    DocketFL@quarles.com
    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed on February 11, 2021, using the Court's Florida E-filing Portal system and that a true and correct copy of the foregoing was served on the following parties:

Lee Segal, Esq.
Segal & Schuh Law Group, P.L.
18167 U.S. Hwy 19 N. Suite 100
Clearwater, FL 33764
lee@segalschuh.com
marie@segalschuh.com
*Counsel for Plaintiff*

                                                         /s/ *Joseph T. Kohn*
                                                         Joseph T. Kohn

10

QB\66790131.1