UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80319-CIV-CANNON/Brannon

GOSSAMER WING, LLC
as Trustee,

      Plaintiff,

v.

THE BANK OF NEW YORK MELLON fka
THE BANK OF NEW YORK, as Trustee for
The Certificate holders of CWABS, Inc., Asset-
Backed Certificates, Series 2007-2,

      Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon the following filings: Plaintiff's Motion to Remand [ECF No. 3], filed on February 20, 2021; Plaintiff's four Motions for Judicial Notice [ECF Nos. 7, 8, 9, 20]; Defendant's Motion to Quash Service of Process and Set Aside Default Judgment Obtained in State Court [ECF No. 15]; and Plaintiff's Motion to Strike and to Impose Sanctions [ECF No. 1-9; ECF No. 17].   For the reasons that follow, Plaintiff's Motion to Remand [ECF No. 3] is **DENIED**; Plaintiff's Motions for Judicial Notice are **GRANTED** [ECF Nos. 7, 8, 9, and 20]; Defendant's Motion to Quash Service of Process and Vacate the Final Default Judgment Entered in State Court is **GRANTED** [ECF No. 15]; and Plaintiff's Motion to Strike and Impose Sanctions [ECF No. 1-9; ECF No. 17] is **DENIED**.

### I.      Plaintiff's Motion to Remand [ECF No. 3]

On October 18, 2020, Plaintiff filed a Complaint against the Bank of New York Mellon in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida [ECF No. 1-1].  The Complaint purports to state a claim under the "Civil Remedies for Criminal

Practices Act" (Fla. Stat. § 772.101, *et seq*.) for allegedly improperly foreclosing against Plaintiff in a previously settled foreclosure action involving a property in Wesley Chapel, Florida [ECF No. 1-1].[1]

On October 20, 2020, Plaintiff obtained a clerk's summons for the purpose of serving the Bank of New York Mellon [ECF No. 1-1 p. 4]. Two days later on October 22, 2020, Plaintiff confirmed service upon "CT Corporation System," the claimed registered agent of the Bank of New York Mellon [ECF No. 1-1 p. 17 (verified return of service)]. That effectuation of service purported to give the Bank of New York of Mellon until November 12, 2020, to respond to the Complaint [ECF No. 1-1 p. 17]. When the Bank of New York Mellon did not respond, Plaintiff moved for entry of a Clerk's default in state court [ECF No. 1-1 p. 19]. The state court thereafter entered default against the Bank of New York Mellon and set a hearing on Plaintiff's separately filed motion for final summary judgment on damages [ECF No. 1-1 pp. 32, 37]. Defendant did not appear at the hearing (as explained below because it was not properly served), after which, on January 6, 2021, the state court entered final judgment against Defendant in the amount of $999,249 (representing the estimated value of the foreclosed home times a multiple of three as purported "treble damages") [ECF No. 1-1 pp. 40-43].

On January 13, 2021, Defendant learned for the first time of the state lawsuit against it through its own independent research [ECF No. 1]. Then, on January 21, 2021, Defendant moved in state court to quash service of process and to vacate the state court final judgment [ECF No. 1-1 pp. 44-70]. Defendant explained that it had never been served with process because Plaintiff had served an entity—CT Corporation System—that is not the registered agent of the Bank of New

---

[1] Specifically, that prior foreclosure action resulted in a final judgment of foreclosure pursuant to a settlement agreement between the same parties to the present case [ECF No. 1-3 (settlement agreement and release of claims)].

York Mellon [ECF No. 1-1 p. 72].  As support, Defendant supplied (1) a letter dated October 22, 2020, from CT Corporation System telling Plaintiff's counsel that it was not the registered agent of the Bank of New York Mellon [ECF No. 1-1 p. 72]; and (2) a sworn affidavit asserting that CT Corporation System was not the registered agent of the Bank of New York Mellon [ECF No. 1-1 pp. 74-75].  Plaintiff then filed a motion to strike and to impose sanctions against Defendant [ECF No. 1-1 pp. 657-674].

Those two motions—Defendant's motion to quash and vacate default judgment plus Plaintiff's motion to strike—were the two pending motions in state court as of February 11, 2021, when Defendant filed its Notice of Removal in this action [ECF No. 1].  Defendant asserted that its removal was timely under 28 U.S.C. § 1446(b) for two reasons—first, it had never been served with the lawsuit in the state action (so the 30-day period never began to run), and second, it first discovered the lawsuit on January 13, 2021, and therefore removed the action within 30 days of that date (on February 11, 2021) [ECF No. 1 pp. 6-7].

This brings us to Plaintiff's instant motion to remand [ECF No. 3], to which Defendant responded in opposition [ECF No. 27].  Plaintiff argues that Defendant's removal was untimely because Defendant was served with the state court complaint on October 22, 2020, yet did not remove the action until February 11, 2021—112 days later [ECF No. 3 p. 1; *see* ECF Nos. 6 & 10].  To support its claim of proper service in state court, Plaintiff argues that CT Corporation System is the registered agent of the Bank of New York Mellon because CT Corporation System has been the registered agent of another entity—Bank of New York—for many years [ECF No. 3 p. 2].  The reason this is so, Plaintiff says, is because the Bank of New York Mellon and the Bank of New York share the same "Employer Identification Number" (EIN) assigned by the Internal Revenue Service [ECF No. 3 p. 2].  Plaintiff then asserts that Defendant, through a systematic

fraud, is falsifying the identity of its registered agent in this case and in several other cases filed throughout the state of Florida—something it further believes warrants an award of attorney's fees in Plaintiff's favor [ECF No. 3 pp. 3-4, 17].  And, Plaintiff seeks judicial notice of various state court lawsuits that it claims support its allegations of Defendant's service fraud [ECF Nos. 7, 8, 9, 20; ECF No. 3 pp. 9-11].

In Defendant's Response in Opposition to Remand [ECF No. 27], it reiterates that removal was timely because it was never served at its place of business [ECF No. 27 pp. 5-7].  *See* Fla. Stat. § 655.0201(1) (requiring service to be made to the business agent of the financial institution "at its principal place of business or at any other branch, office, or place of business in the state"). Defendant notes that its principal place of business is located at 240 Greenwich St., New York, New York 10286, where it regularly receives service [ECF No. 15-2 ¶ 8], but Plaintiff served the Summons and Complaint to CT Corporation System, located at 1200 S. Pine Island Road, Plantation, Florida 33324 [ECF No. 1-1 pp. 18, 50].  This fact, Defendant asserts, along with the October 22, 2020, letter from CT Corporation System informing Plaintiff's counsel that it was not the registered agent of Defendant [ECF No. 1-1 p. 72], establishes that Plaintiff did not complete formal service on Defendant [ECF No. 27 p. 16].  Thus, Defendant maintains that absent formal service, the earliest the thirty-day removal period could begin was on January 13, 2021, the date Defendant discovered the Complaint [ECF No. 27 p. 3].  Defendant argues that its removal, 29 days day later on February 11, satisfied the time limit requirement set forth in 28 U.S.C. § 1446(b)(1) [ECF No. 27 p. 4-6].

Plaintiff filed a Reply in Support of its Motion to Remand [ECF No. 29], arguing that it correctly served Defendant through its purported agent, CT Corporation System, because the Defendant's EIN matched annual reporting records for the Bank of New York, Inc. listing CT

Corporation System as the registered agent [ECF No. 29 p. 5; ECF No. 4 (*Notice of BONY Annual Reports from 1995-2020*)].  Thus, Plaintiff contends that CT Corporation System was the proper entity to serve, even if CT Corporation System did not know it was the Defendant's registered agent "or does not want to be" [EFC No. 29 p. 4].

Plaintiff is mistaken.  The 30-day period for filing a notice of removal is only triggered by proper service of process.  28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999); *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 n.6 (5th Cir. 2005).  Plaintiff claims that it served Defendant on October 22, 2020, when it served CT Corporation Systems, but CT Corporation Systems is not Defendant's registered agent [ECF No. 15-1 ¶ 4].  Indeed, CT Corporation System specifically informed Plaintiff's counsel that it was not the registered agent for Defendant [ECF No. 1-1 p. 72].  Accordingly, service on CT Corporation was not valid service on Defendant.  *See Jensen v. Palmer*, No. 8:15-cv-197, 2015 WL 899995, at **3-4 (M.D. Fla. Mar. 3, 2015) (denying motion to remand because CT Corporation was the registered agent not of the defendant but of a distinct legal entity); *Grisales v. Ocala Nat'l Bank*, No. 5:13-cv-84, 2013 WL 12155961, at *5 (M.D. Fla. May 16, 2013) (finding improper service because plaintiff served an entity that was never designated by the defendant to accept service on its behalf).  Nor does it make a difference that another legal entity—the Bank of New York—shares the same EIN number as Defendant.  The statutes governing service are to be strictly construed, s*ee, e.g.*, *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So. 2d 423, 426 (Fla. Dist. Ct. App. 1980) (concluding, in context of service on a corporation, that statutory means of service is exclusive and must be strictly construed), and just because an entity shares the same EIN as another entity does not mean service on the registered agent of one of those entities equals service on the registered agent of another entity.

CASE NO. 21-80319-CIV-CANNON/Brannon

Defendant's notice of removal was therefore timely under the 30-day period prescribed in 28 U.S.C. § 1446(b). Defendant received the complaint on January 13, 2021, and removed the action on February 11, 2021, less than 30 days later. Remand is unwarranted.

## II.     Defendant's Motion to Quash Service of Process and Vacate the Clerk's Default Final Judgment Entered in State Court [ECF No. 15]

For the same reasons identified above, service of Defendant was improper and should be quashed. Florida law permits process to be served on the registered agent of a corporation, *see* Fla. Stat. § 48.081, but compliance with that statute must be strictly construed, *see, e.g.*, *Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015). Here, Defendant has supplied the Court with clear and convincing evidence that the Plaintiff's service on CT Corporation System was not proper service because CT Corporation System is not the registered agent of the Bank of New York Mellon.

With respect to Defendant's accompanying motion to set aside the Clerk's default, there again the improper service requires vacatur of the state court default judgment. When a case is transferred from state court to federal court, the federal court takes the case as through everything done in the state court had been done in the federal court. *See Savell v. Southern Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Accordingly, the federal court has authority under Federal Rule of Civil 55(c), in accordance with Rule 60(b), to vacate a default entered in the state court. *See, e.g.*, *Rodger v. Quicken Loans Inc.*, No. 613CV1195ORL18TBS, 2013 WL 12388554, at *2 (M.D. Fla. Sept. 19, 2013), report and recommendation adopted, No. 6:13-CV-1195-ORL-37, 2013 WL 6511725 (M.D. Fla. Dec. 12, 2013) (citing *Bell v. United States*, No. 1:12-cv-75-MHT-WC, 2012 WL 1599272 * 3 (M.D. Ala. Apr. 13, 2012) and *Edna H. Pagel, Inc. v. Teamsters Local Union 595*, 667 F.2d 1275. 1278 (9th Cir. 1982)). That is the necessary course here. Service in state court was improper; Plaintiff obtained a default judgment in state court on the basis of that improper service; and hence there is good cause to set aside that default judgment in accordance

CASE NO. 21-80319-CIV-CANNON/Brannon

with Rules 55(c) and 60(b).  *See* Fed. R. Civ. P. 55(c); Fed. R. Civ. P. 60(b) (permitting the court to relieve a party from a final judgment under various circumstances, including where the judgment is "void," and "for any other reason that justifies relief").

### III.    Plaintiff's Motion for Judicial Notice

Plaintiff moves this Court to take judicial notice of various court filings as specified in ECF Nos. 7, 8, and 9, and 20.  Those requests are **GRANTED**.  *See* Fed. R. Civ. P. 201.

### IV.    Conclusion

In sum, because the service of process in this case was not proper, it follows that Defendant's notice of removal was timely.  Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand [ECF No. 3] is **DENIED**.

2. Defendant's Motion to Quash Service and to Set Aside State Default is **GRANTED**. [ECF No. 15].  The default entered by the clerk of the state court [ECF No. 1-1 pp. 32] is set aside.

3. Plaintiff's Motions for Judicial Notice [ECF Nos. 7, 8, 9, 20] are **GRANTED**.

4. Plaintiff's Motion to Strike and for Sanctions is **DENIED** [ECF No. 1-9; ECF No. 17].

5. Within seven (**7**) days of this Order, Plaintiff shall show cause why this case should not be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of March 2021.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record