UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80319-CIV-CANNON/Brannon

**GOSSAMER WING, LLC**
**as Trustee**,

      Plaintiff,
v.

**THE BANK OF NEW YORK MELLON fka**
**THE BANK OF NEW YORK, as Trustee for**
**The Certificate holders of CWABS, Inc., Asset-**
**Backed Certificates, Series 2007-2**,

      Defendant.
_____/

## ORDER DENYING RECONSIDERATION

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Reconsideration of the Order Denying Remand [ECF No. 34]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion [ECF No. 34] is **DENIED**.

### I.  BACKGROUND

Pursuant to Fed. R. Civ. P. 59 and 60, Plaintiff contends that reconsideration of the Court's Omnibus Order [ECF No. 33] is necessary because Plaintiff believes this Court overlooked dispositive facts and controlling authorities about whether the Bank of New York and the Bank of New York Mellon are separate entities [ECF No. 34 ¶¶ 2-7]. Plaintiff also contends the Court overlooked the testimony of a Florida tax lawyer who offered an opinion that two separate companies cannot share the same Employee Identification Number (EIN) [ECF No. 34 ¶¶ 8-9]. Plaintiff concludes that if the Court reconsiders these facts and authorities, it would find that, "when Plaintiff effectuated service on BONY's registered agent, CT, it necessarily effectuated

1

service upon BONYM" [ECF No. 34 ¶ 9]. The Court is not persuaded that a reconsideration of the prior Order is necessary.

## II.  LEGAL STANDARD

Three grounds justify reconsideration of an earlier order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.,* 320 F. Supp.2d 1347, 1357–58 (S.D. Fla. 2004).  A motion for reconsideration is not a tool for relitigating what a court has already decided.  *See Reyher v. Equitable Life Assurance Soc'y,* 900 F. Supp. 428, 430 (M.D. Fla. 1995).  Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Id.* (internal quotation marks omitted).  Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly." *Williams,* 320 F. Supp. 2d at 1358 (internal quotation marks omitted).

Rule 60(b) allows for reconsideration upon grounds including mistake, newly discovered evidence, and fraud.  Fed. R. Civ P. 60(b).  Rule 60(b) also contains a "catch-all" provision allowing reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  A district court has broad discretion in ruling upon a motion for reconsideration under Rule 60(b) and should balance the need for substantial justice against the sanctity of final judgments.  *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984).  Moreover, a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Richardson v. Johnson,* 598 F.3d 734, 740 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

## III.  Discussion

Plaintiff has presented no new arguments or evidence to disturb its previously entered Omnibus Order.  First, contrary to Plaintiff's assertion, the Court reviewed all filings in this matter

to evaluate whether Defendant Bank of New York Mellon was properly served. The Court noted that Plaintiff served a Summons and a copy of the Complaint on CT Corporation System on October 22, 2020, but was promptly informed by CT Corporation that it was not the registered agent for Bank of New York Mellon [ECF No. 33, p. 5]. At this point, Plaintiff could have served Defendant at its principal place of business, 240 Greenwich Street, New York, New York 10286, where it regularly receives service [ECF No. 15-2 ¶ 8], or at any of Defendant's numerous locations throughout Florida. Plaintiff chose not to do so, and instead pursued an entry of Clerk's default, despite an unambiguous notification that CT Corporation was not Defendant's registered agent [ECF No. 1-1 p. 19].

Plaintiff's contends that since the Bank of New York Mellon and the Bank of New York share the same EIN, it means they are the same company, and that service on CT Corporation as the Bank of New York's registered agent was good enough to perfect service on Bank of New York Mellon [ECF No. 3 p. 2]. In support, Plaintiff points to testimony from a Florida tax lawyer who stated that "it would not be possible for BONYM and BONY to be different companies" if they shared the same EIN [ECF No. 6-1 ¶ 6]. Thus, Plaintiff concludes that it properly served Defendant Bank of New York Mellon when it served CT Corporation [ECF No. 3 p. 2].

Defendant readily acknowledges that the Bank of New York appointed CT Corporation System as its agent [ECF No. 15, p. 11]. Defendant also agrees that as the successor entity, the Bank of New York Mellon took on the Bank of New York's EIN, as allowed by IRS guidelines [ECF No. 15, pp. 11-12]. But the undisputed fact remains: The Bank of New York Mellon, as the successor entity to the Bank of New York, **did not** appoint CT Corporation System as its agent [ECF No. 15, p. 11]. As Defendant points out, a search on the Florida's Division of Corporations website lists Defendant's principal place of business as 40 Greenwich Street, New York, New York 10286 [ECF No. 15-11], and CT Corporation System is not listed as the registered agent for the Bank of New York Mellon on the Federal Deposit Insurance Corporation's website [ECF No.

CASE NO. 21-80319-CIV-CANNON/Brannon

15-11]. Nor has Plaintiff pointed to any official document listing CT Corporation System as the registered agent for the Bank of New York Mellon.

For these reasons, as already stated in the Court's Omnibus Order [ECF No. 33], service on CT Corporation was not valid service on Defendant [ECF No. 33, p. 5]. *See Jensen v. Palmer*, No. 8:15-cv-197, 2015 WL 899995, at **3-4 (M.D. Fla. Mar. 3, 2015) (denying motion to remand because CT Corporation was the registered agent not of the defendant but of a distinct legal entity); *Grisales v. Ocala Nat'l Bank*, No. 5:13-cv-84, 2013 WL 12155961, at *5 (M.D. Fla. May 16, 2013) (finding improper service because plaintiff served an entity that was never designated by the defendant to accept service on its behalf).

## IV.   CONCLUSION

In sum, the Court rejects Plaintiff's contention that reconsideration of its Omnibus Order is warranted under either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Plaintiff's Motion for Reconsideration of the Order Denying Remand [ECF No. 34] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of March 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record